UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EDWARD BARTOSZEK,

    Plaintiff,

v.

    Case No. 21-11923

    Hon. George Caram Steeh

DELTA COLLEGE,

    Defendant.

_____/

OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT (ECF No. 24)

Plaintiff Edward Bartoszek sued his employer, Delta College, for age discrimination for failing to hire him for as a full-time instructor. Defendant has moved for summary judgment. Because Plaintiff has established a prima facie case and sufficiently cast doubt on the college's reasons for not hiring him, the court will deny Defendant's motion.

BACKGROUND FACTS

After practicing as a dentist for many years, Bartoszek began teaching as an adjunct, part-time professor at Delta College in 2010. He taught a number of classes, including pharmacology and anesthesia in the Dental Hygiene Department and nursing program. He also taught several biology classes, including Biology 101, 130, 140, 152, and 153. From 2010

-1-

to 2019, the college asked Bartoszek on seven occasions, and he agreed, to teach biology classes on a full-time basis.

In 2019, the college posted an opening for a full-time, tenure track biology (anatomy and physiology) instructor. The required qualifications were a Master of Science in Biological Science or a related field, with an emphasis on anatomy and physiology, a minimum of two years of teaching experience, and demonstrated currency in the field of anatomy and physiology. At the time, Bartoszek was teaching the same classes that the successful candidate would be required to teach. He completed an application online, which stated that a resume, cover letter, and transcripts were required. Letters of recommendation, a curriculum vitae, and additional transcripts were optional. Bartoszek included a cover letter, resume, and a statement that "all transcripts [are] on file at HR."

Delta College formed a search committee to review the applications, interview candidates, and make a hiring recommendation. The committee was comprised of Kristopher Nitz, Ronald Schlaack, Cynthia Drake, Paula Cornell, Donovan Traverse, and Charles Dykhuizen. Some of the committee members knew Bartoszek and some did not. After reviewing the applications, the committee ranked each candidate from zero to three. Six candidates received a three and were granted an interview. Bartoszek was

scored as a two and did not receive an interview. With regard to Bartoszek's application, the committed noted, "Need transcripts. No letters. Letter was not clearly defining job responsibilities. Hold candidate."

On November 26, 2019, Bartoszek received an email from Delta College informing him that he was not selected as a finalist for the position. The college ultimately selected Timothy McGuire, who was thirty-eight years old. McGuire had taught in the biology department for two years. At the time, Bartoszek was sixty-eight. He asserts that he was more qualified than McGuire because he had more years of teaching experience at Delta College and taught a wider variety of classes. He also has a doctorate degree and McGuire has a master's.

On December 10, 2019, Bartoszek sent a letter to human resources expressing concern about the selection process. He asked, "[h]ow is it that I am, and have been for the last ten years, qualified to teach Anatomy & Physiology classes as an adjunct instructor; but somehow not qualified for even an interview to teach the same classes as a full time instructor?" He further questioned, "[w]as my age a factor?" ECF No. 26-6. He received a response "defer[ring] your question to Darrin Johnson. Mr. Johnson is our Manager of Recruitment at the College and would have more insight regarding the search to share with you." *Id.* Bartoszek did not receive any

-3-

further response to his inquiry. Upset that he did not get the job, Bartoszek retired from Delta College on September 1, 2020. He has since been re-hired to teach an anesthesia class at the college's Dental Clinic.[1] ECF No. 28, 29.

Bartoszek filed a charge of age discrimination with the Equal Employment Opportunity Commission. In its response to the EEOC, Delta College denied that age was a factor. It stated that Bartoszek "lacked the required educational requirements for the position" and that McGuire was "significantly" more qualified. ECF No. 26-8. According to the statement, Bartoszek "had chosen not to submit a complete application. Additionally, the Search Committee determined that other candidates were better qualified [than Bartoszek]." *Id.* The position statement primarily focused on Bartoszek's alleged lack of educational qualifications and relevant work experience. *Id.* For example, the college stated that Bartoszek "was not qualified for the Position because the Position requires a Master's degree in Biology or related field." *Id*. at PageID 405. However, the college now admits that Bartoszek's doctorate degree in dentistry meets the educational

---

[1] Defendant reports that Plaintiff was hired as a dentist supervisor in the Dental Clinic, but Plaintiff states that he was hired to teach a five-week anesthesia course. ECF Nos. 28, 29.

requirement for the position. *See, e.g.,* ECF No. 24-9 at PageID 276; ECF No. 24-12 at ECF No. 296.

The college's EEOC statement also asserted that Bartoszek's "teaching experience is limited to working as an adjunct at Delta College in the Dental Hygiene Program." *Id.* This is not true, as Bartoszek taught several biology classes at Delta College, performing the same job for which he was applying. Given that its reasoning in the EEOC statement was unsupported, Delta College no longer takes the position that Bartoszek lacked the necessary educational or work background for the job, or that McGuire was more qualified.

Rather, the college focuses on the alleged "deficiencies" in Bartoszek's application, primarily his failure to submit his transcripts. Bartoszek testified that he did not submit his transcripts because "the school already had them." He states that the college did not inform him that his application was incomplete. The college asserts that the search committee did not have the authority to request transcripts from human resources. The committee was instructed not to seek external information, in order to be fair to all applicants, many of whom did not already work at Delta College. Defendant also states that Bartoszek's cover letter and application were "deficient" because they did not clearly address his

-5-

teaching experience and focused instead on his private sector accomplishments.

Bartoszek alleges that all of the instructors hired in the Biology Department in the last ten years were substantially younger than he was. The oldest was fifty and the youngest was twenty-nine, with an average age of thirty-nine. ECF No. 26-16. He also contends that all the candidates selected for an interview were substantially younger that he was, and that this was fairly clear based upon their graduation dates.

Bartoszek filed this action on August 19, 2021, alleging age discrimination under the Age Discrimination in Employment Act ("ADEA") and the Elliott-Larsen Civil Rights Act ("ELCRA"). Delta College has moved for summary judgment.

## LAW AND ANALYSIS

I. Summary Judgment Standard

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, the court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Dist.*

*Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The facts and any reasonable inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In response to a properly supported motion for summary judgment, the opposing party must come forward with specific evidence showing there is a genuine issue of fact for trial. *Anderson*, 477 U.S. at 252.

II.  Age Discrimination Analysis

The ADEA prohibits employers from discriminating against employees "because of" their age. 29 U.S.C. § 623(a)(1); *see also* M.C.L. § 37.2102(1) (prohibiting discrimination "because of" age under ELCRA). To meet this standard, a plaintiff must "prove by a preponderance of the evidence (which may be direct or circumstantial) that age was the 'but-for' cause of the challenged employer decision." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177-78 (2009); *Hecht v. Nat'l Heritage Academies, Inc.*, 499 Mich. 586, 606, 886 N.W.2d 135, 146 (2016) (claim under ELCRA requires a showing of "but for" causation). In this case, Plaintiff relies on circumstantial evidence, which is evaluated using the three-step burden shifting analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S.

792, 802-806 (1973); *see also Hazle v. Ford Motor Co.*, 464 Mich. 456, 462–63, 628 N.W.2d 515, 521 (2001) ("[W]e have adopted the *McDonnell Douglas* approach for use in age and gender discrimination cases brought under the Michigan Civil Rights Act.").

First, the plaintiff must establish a prima facie case of discrimination by showing that (1) he was over 40 years old; (2) he suffered an adverse employment action; (3) he was qualified for the position; and (4) he was replaced by or treated less favorably than someone outside the protected class. *See Pelcha v. MW Bancorp, Inc.*, 988 F.3d 318, 326 (6th Cir. 2021); *Willard v. Huntington Ford, Inc.*, 952 F.3d 795, 808 (6th Cir. 2020). Once the plaintiff has established a prima facie case, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for its actions. *Pelcha*, 988 F.3d at 324-25. After the employer articulates its rationale, the burden shifts back to the plaintiff to demonstrate that the reason is a mere pretext for discrimination. *Id.* "To establish pretext, a plaintiff may show that the defendant's reason '(1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct.'" *Thompson v. Fresh Prod., LLC*, 985 F.3d 509, 522 (6th Cir. 2021) (citation omitted).

Plaintiff has established a prima facie case: he is over 40 years old, was qualified for the full-time instructor position, and the college hired a significantly younger, arguably less-qualified person instead. Defendant has articulated a non-discriminatory reason: Plaintiff failed to attach his transcripts and his application was otherwise "inadequate." The parties disagree whether Plaintiff has rebutted Defendant's reason, demonstrating pretext.

As Plaintiff points out, Defendant's reasons for not selecting him for an interview have changed significantly over time. Defendant initially did not provide any reason for its decision, even after Plaintiff inquired. Its EEOC statement focused on Plaintiff's alleged lack of educational and teaching qualifications, not the adequacy of his application. In its summary judgment brief, Defendant abandoned most of the reasons cited in its EEOC statement, focusing on Plaintiff's failure to include his transcripts and other alleged deficiencies, claiming that Plaintiff's "cover letter and application were deficient and did not clearly address professional development related to teaching Anatomy and Physiology. Plaintiff focused on his private sector accomplishments as opposed to attributes relevant to teaching." ECF No. 24 at PageID 138-39.

The chair of the search committee, Kristopher Nitz, testified that if Plaintiff "just would have provided his academic transcripts for us . . . [he] would have a first-level interview." ECF No. 24-6 at PageID 234. But Nitz also testified that the lack of transcripts was not disqualifying. If the other higher-ranked candidates declined the position, Plaintiff would have "moved up" and "then it would be time to ask HR for the transcripts." ECF No. 26-13 at PageID 442. Nitz also acknowledged that, to be hired for the job he was already doing at Delta College, Plaintiff would have to possess the required educational credentials. *Id.* at PageID 439. Another committee member, Cynthia Drake, stated that the lack of transcripts "was not the deciding factor in ranking" Plaintiff's application, and that other applicants ranked higher based upon their cover letters and other information included in their applications. ECF No. 26-9 at PageID 415.

Defendant has not presented a consistent rationale for failing to interview or hire Plaintiff for the full-time instructor position. It told the EEOC that Plaintiff was not qualified, although Plaintiff had been asked by the college to teach the relevant biology courses several times. The college stated that Plaintiff lacked the educational background, but admits that Plaintiff's doctorate is equivalent to the required master's in biology. Now the college focuses on Plaintiff's failure to include his transcripts, but also

-10-

acknowledges that this was not necessarily a disqualifying factor. Defendant's litany of discredited reasons casts doubt on its claim that other candidates simply ranked higher than Plaintiff based upon their applications. As the Sixth Circuit has noted, "[s]hifting justifications over time calls the credibility of those justifications into question." *Cicero v. Borg-Warner Auto., Inc.*, 280 F.3d 579, 592 (6th Cir. 2002); *see also Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 237 (5th Cir. 2015) ("A jury may view 'erroneous statements in [an] EEOC position statement' as 'circumstantial evidence of discrimination.' We have also found an employer's rationale 'suspect' where it had 'not remained the same' between the time of the EEOC's investigation and the ultimate litigation.") (citations omitted).

Defendant argues that the same ultimate decisionmaker, college President Jean Goodnow, hired Plaintiff in 2010 (at age 59) and McGuire in 2019, and thus the "same actor" inference precludes a finding of discrimination. *See Buhrmaster v. Overnite Transp. Co.*, 61 F.3d 461, 464 (6th Cir. 1995). To the extent it applies, this inference is weakened by the fact that Plaintiff was nine years older when he applied for the full-time position than he was when he was initially hired. *Id.* (noting that the length of time between hiring and firing may weaken the same-actor inference).

Further, the inference is "by no means a mandatory one" and is "insufficient to warrant summary judgment for the defendant if the employee has otherwise raised a genuine issue of material fact." *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 573-74 (6th Cir. 2003).

Plaintiff has sufficiently cast doubt on Defendant's reasons for failing to hire him for the full-time instructor position. This is enough, coupled with his prima facie showing, to survive Defendant's motion for summary judgment. "Courts should be cautious in granting, and affirming, summary judgment on discrimination claims when the plaintiff has made a prima facie case and a showing of pretext because 'an employer's true motivations are particularly difficult to ascertain, thereby frequently making such factual determinations unsuitable for disposition at the summary judgment stage.'" *Willard*, 952 F.3d at 810. The assessment of the parties' credibility and Defendant's motivation is for the trier of fact.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's motion for summary judgment (ECF No. 24) is DENIED.

Dated: May 5, 2023

          s/George Caram Steeh
          HON. GEORGE CARAM STEEH
          UNITED STATES DISTRICT JUDGE

-13-

> CERTIFICATE OF SERVICE
>
> Copies of this Order were served upon attorneys of record on May 5, 2023, by electronic and/or ordinary mail.
>
> s/Mike Lang
> Deputy Clerk